UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA LYNNE BRAY,<br><br>       Plaintiff,<br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>       Defendant. | CASE NO. C21-01453-LK<br><br>ORDER GRANTING STIPULATED MOTION TO STAY; DENYING MOTION TO COMPEL DISCOVERY WITHOUT PREJUDICE; GRANTING MOTION TO SEAL |

  This matter comes before the Court on the parties' stipulated motion to stay the case pending a determination by Metropolitan Life Insurance Company ("MetLife") of Plaintiff Sara Lynne Bray's entitlement to future disability-related insurance benefits. Dkt. No. 18. Also before the Court are Bray's motion to compel discovery, Dkt. No. 7, and her unopposed motion to seal the administrative record, Dkt. No. 9.

  This lawsuit concerns Bray's claim for disability insurance benefits under a long-term disability insurance policy issued through MetLife pursuant to her former employer's plan under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Dkt. No. 1

ORDER GRANTING STIPULATED MOTION TO STAY; DENYING MOTION TO COMPEL DISCOVERY WITHOUT PREJUDICE; GRANTING MOTION TO SEAL - 1

at 2, 8–9. Bray alleges that she became disabled due to symptoms attributed to an autoimmune diagnosis and is therefore entitled to benefits under the plan. *Id.*

### A. The Stipulation to Stay

The Court has broad discretion to stay proceedings pursuant to the Court's inherent power to control its docket. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A district court must weigh the following competing interests: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 268 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

The relevant factors weigh in favor of granting the stay. It does not appear that any damage will result from granting the requested stay. The parties would have to expend resources litigating this case absent a stay, and those resources can be saved if the stay were granted. A stay will also save judicial resources because during the stay, MetLife might grant Bray's application for future benefits, obviating the need for further involvement by the Court. Moreover, granting the stay will ensure the orderly course of justice because it will allow MetLife to make a decision on Bray's application for future benefits before the Court is called upon to rule on its conduct. Even if MetLife denies the application for future benefits, the issues will be clarified. Because the factors weigh in favor of a stay, the Court grants the parties' stipulated request.

### B. Motion to Compel

Ms. Bray has filed a motion to compel discovery from MetLife. Dkt. No. 7. Consideration of that motion now would be premature for several reasons. First, the motion and response cast doubt on whether the parties have fully met and conferred as required by the Local Rules. Dkt. Nos. 7, 16. Second, the posture and facts of this case have changed since Bray filed her motion to

compel. Since then, MetLife approved payment of benefits for the remainder of the plan's "own occupation" period of disability, and the facts will continue to evolve based on MetLife's consideration and resolution of Bray's claim for future insurance benefits. Dkt. No. 18 at 2, 3. MetLife's decisions may moot or at least alter the state of discovery and Bray's need for the requested information. *Id.* at 3. Third, because the parties have requested a stay, Bray has not filed a reply in support of her motion. She has instead renoted her motion for March 18, 2022, which likely provides insufficient time for MetLife to render a decision, for Bray to reevaluate the need for further discovery, and for the parties to meet and confer. Dkt. No. 19. Therefore, the Court denies Bray's motion to compel without prejudice. If this matter does not resolve during the stay, Bray can file another motion to compel if warranted after the parties have met and conferred.

### C. Unopposed Motion to Seal

The Court also considers Bray's unopposed motion to seal the administrative record. Dkt. No. 9. Bray has described the administrative record as MetLife's file for the insurance claim. *Id.* at 2. The record is over 7,000 pages long and contains "huge volumes of Bray's personal medical records, including analysis thereof, and Personal Identifying Information." Dkt. No. 10 at 2. Counsel for the parties have conferred and agree it would be impractical to redact the large volume of medical and Personal Identifying Information contained in the administrative record. *Id.*

Courts have recognized a "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* at 1178 (cleaned up). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v.*

*U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing to which the sealed record is attached and whether those records are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016). If the records at issue are more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *Id.* If the records are only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *Id.*

The Court applies the compelling reasons standard because, if this case proceeds, the administrative record will be used to support motions for summary judgment, which will be more than tangentially related to the merits of the case. *See* Dkt. No. 15 at 6, 8. The compelling reasons standard is met because Bray has a legitimate interest in keeping her personal and medical information private. *See, e.g., Karpenski v. Am. Gen. Life Companies, LLC*, C12-01569-RSM, 2013 WL 5588312, at *1 (W.D. Wash. 2013) (stating that the "need to protect medical privacy qualifies in general as a 'compelling reason'" to protect medical records and to file them under seal, even if a plaintiff has put her medical information at issue in a lawsuit). Her privacy interests outweigh any limited interest the public might have in the information. Furthermore, the administrative record is too voluminous and contains too much personal, sensitive information to make redaction a feasible alternative. LCR 5(g). Accordingly, the Court grants the unopposed motion to seal the administrative record.

**D. Conclusion**

Based on the foregoing, the Court DENIES without prejudice Plaintiff's Motion to Compel Discovery, Dkt. No. 7, and GRANTS Ms. Bray's unopposed motion to seal the administrative record, Dkt. No. 9. The Court also GRANTS the parties' stipulated motion to stay. Dkt. No. 18.

1 | This case is stayed pending MetLife's determination of Bray's entitlement to future insurance benefits.

3 | The Court further orders that within 14 days of MetLife's final decision on Bray's entitlement to future benefits, the parties shall submit a Joint Status Report identifying what, if any, issues remain for decision and a proposed plan for discovery and resolution of the merits on any remaining matters in dispute. After receiving that Joint Status Report, the Court shall issue a new case schedule based on the issues presented in the Joint Status Report.

Dated this 14th day of March, 2022.

*Lauren King* (signature)

Lauren King
United States District Judge